IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BRIAN KELLY MILLS, | ) | Civil No.: 3:14-cv-00640-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        Lisa R. J. Porter
        JP Law PC
        5200 SW Meadows Rd., Suite 150
        Lake Oswego, OR 97035

                Attorney for Plaintiff

        Billy J. Williams, Acting U.S. Attorney
        Janice Hebert, Asst. U.S. Attorney
        1000 S.W. 3rd Avenue, Suite 600
        Portland, OR 97204

        Gerald J. Hill, Special Asst. U.S. Attorney
        Office of the General Counsel
        Social Security Administration
        701 5th Avenue, Suite 2900 M/S 221 A
        Seattle, WA 98104-7075

                Attorneys for Defendants

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Plaintiff Brian Kelly Mills brings this action pursuant to 42 U.S.C. §405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for a period of disability and Disability Insurance Benefits (DIB) under the Social Security Act (the Act). Plaintiff seeks an Order remanding this action to the Social Security Administration (the Agency) for an award of benefits. In the alternative, Plaintiff seeks a remand for further proceedings.

For the reasons set out below, the Commissioner's decision should be reversed and this action should be remanded to the Agency for further proceedings pursuant to sentence six of 42 U.S.C. §405(g).

## Procedural Background

On October 12, 2010, Plaintiff protectively filed an application for a period of disability and DIB, alleging that he had been disabled since March 4, 2008. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ).

On August 16, 2012, a hearing was held before ALJ Jo Hoenninger. Plaintiff and Paul Morrison, a Vocational Expert (VE), testified at the hearing.

In a decision dated September 17, 2012, ALJ Hoenninger found that Plaintiff was not disabled within the meaning of the Act at any time between his alleged onset date and his date last insured. That decision became the final decision of the Commissioner on February 11, 2014, when the Appeals Council denied Plaintiff's request for review. Plaintiff now challenges that decision.

**Background**

Plaintiff was born in 1967 and was 44 years old at the time of the ALJ's decision. He attended school through the 8th grade and has past relevant work as a chaser, landscaper, painter, choker setter and green chain puller.

**Disability Analysis**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Agency's regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(f).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant. Tackett, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id.

## ALJ's Decision

As an initial matter, the ALJ determined that Plaintiff last met the insured status requirements under the Act on December 31, 2011.

At the first step of her disability analysis, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.

At the second step, the ALJ found that Plaintiff's degenerative disc disease with some

FINDINGS AND RECOMMENDATION – 4

neuropathy was a severe impairment.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the Listings, 20 C.F.R. Part 404, Subpart P., App. 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

The ALJ next assessed Plaintiff's residual functional capacity (RFC). She found that Plaintiff retained the capacity to perform less than the full range of light work; was limited to only occasional handling with the right hand; should never climb ladders, ropes, or scaffolds; required a sit/stand option that allowed for sitting no more than 15 minutes at a time with 5 minute standing breaks and standing and walking no more than 30 minutes at a time with 5 minute sitting breaks; and was limited to only simple repetitive tasks. The ALJ found that Plaintiff's allegations regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible.

At the fourth step, the ALJ determined that Plaintiff was unable to perform any of his past relevant work.

Based on the VE's testimony, at the fifth step of her disability analysis, the ALJ found that Plaintiff could perform jobs that existed in substantial numbers in the national economy. The ALJ cited parking lot attendant, paper sorter and storage clerk as examples of work Plaintiff could perform.  Because she found that Plaintiff could perform such work, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

### Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

FINDINGS AND RECOMMENDATION – 5

423(d)(1)(A).  Claimants bear the initial burden of establishing disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The Commissioner bears the burden of developing the record,  DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process.  Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

## Discussion

In his opening brief, Plaintiff contends that a Residual Functional Capacity Assessment (RFCA) completed by his primary physician, Dr. Harry Rinehart, was omitted from the administrative record. He also contends that the ALJ failed to provide adequate reasons for discounting his allegations of pain, failed to consider lay witness evidence and improperly formulated an RFC that failed to account for all of his impairments and limitations.

Defendant argues that the absence of Dr. Rinehart's RFCA does not render the record incomplete and, in any event,  Plaintiff's remedy for such an omission would be to submit the evidence and request a remand under sentence six of 42 U.S.C. §405(g).  Defendant also argues

that the Commissioner's decision is supported by substantial evidence and Plaintiff has failed to meet his burden to show error and prejudice.

With his Reply, Plaintiff submits Dr. Rinehart's RFCA, dated September 11, 2011. Plaintiff argues that this evidence is new and material and that good cause exists why it was not presented to the Agency earlier. Plaintiff contends that remand is warranted under either sentence six or sentence four of 42 U.S.C. 405(g) based on either the omitted material or the ALJ's errors.

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. See, e.g., Stone v. Heckler, 761 F.2d 530, 533 (9th Cir.1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.2000). However, where there are outstanding issues to be resolved before a determination of disability can be made and it is not clear whether the ALJ would be required to find the claimant disabled if the evidence in question was properly evaluated, remand is appropriate. Id. at 1179–81.

The fourth and sixth sentences of 42 U.S.C. 405(g) prescribe the exclusive methods by which district courts may remand actions to the Commissioner. Melkonyan v. Sullivan, 501 U.S. 89, 99–100 (1991) ("Congress' explicit delineation in § 405(g) regarding the circumstances under which remands are authorized leads us to conclude that it intended to limit the district court's authority to enter remand orders to these types.").

A sentence four remand provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing...." 42 U.S.C. § 405(g). "A sentence four remand has thus been characterized as

FINDINGS AND RECOMMENDATION – 7

essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002)(citing Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir.1996)).

In contrast,  a remand under sentence six is made without a determination of whether the ALJ erred and may be ordered in only two situations: "where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Id. (citing Shalala v. Schaefer, 509 U.S. 292, 297 n. 2.). Unlike sentence four remands, sentence six remands do not constitute final judgments. Id.

To support a remand under sentence six, a claimant must show that the evidence which was not incorporated into the record in a prior proceeding is "material" and that there is "good cause" for having failed to present the new evidence earlier. Mayes v. Masanari, 276 F.3d 453, 462 (9th Cir.2001)(citing Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380-1381 (9th Cir.1983)). Evidence is material if it bears "directly and substantially on the matter in dispute" and there is a "reasonable possibility" that the new evidence would have changed the outcome of the Secretary's determination had it been before him." Id. The good cause requirement is satisfied if new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985). "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." Mayes, 276 F.3d at 463. The good cause requirement often is liberally applied where "there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary." Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988)(citing Burton v. Heckler, 724 F.2d 1415, 1417–18 (9th Cir.1984)).

The RFCA completed by Dr. Rinehart is dated September 11, 2011.[1] In his report, Dr. Rinehart lists Plaintiff's diagnoses as "cervical-thoracic-lumbar strain secondary to falling off roof [with] chronic severe pain and stiffness." He indicates Plaintiff's symptoms are severe pain in his neck, mid and lower back with stiffness indicated by tense muscles and tenderness to palpation. Dr. Rinehart opines that Plaintiff's prognosis is "poor" and though pain medications give "some relief," Plaintiff is always in moderate to severe pain. He opines that in an eight hour day, Plaintiff could stand and walk about two hours total and sit less than two hours total. Plaintiff could only sit or stand for five minutes before needing to change position and would need to walk around every five to ten minutes for ten to fifteen minutes at a time. Dr. Rinehart opined that Plaintiff would need to work at a reduced pace if employed full-time at either light or sedentary levels of exertion and would need to lie down six to eight times during a work shift.

Because this evidence has never been reviewed during Plaintiff's disability determination process, I consider it "new." As noted above, new evidence is "material" if there is a "reasonable possibility" that it would have altered the outcome. Mayes, 276 F.3d at 462. Dr. Rinehart's functional assessment satisfies that requirement. Dr. Rinehart assessed Plaintiff with significant functional impairments not assessed by other medical sources. Thus, this evidence bears directly and substantially on Plaintiff's case. Dr. Rinehart's position as Plaintiff's long-time treating physician makes him specially situated to provide an opinion regarding Plaintiff's limitations. See Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)(treating physician employed to cure and has a greater opportunity to know and observe the patient as an individual). Though Dr.

---

[1] Plaintiff asserts that the RFCA is dated July 11, 2011. The date on the letter from Plaintiff's attorney to Dr. Rinehart requesting the evaluation is dated July 7, 2011. The handwritten numerical date next to Dr. Rinehart's signature on the actual RFCA is slightly unclear, appearing to have been written over. However, the court's interpretation of the date as September and not July is supported by Dr. Rinehart's medical notes, which reference an evaluation for "for SSI benefits" and completion of the accompanying form being done on August 30, 2011. Dkt. #374.

FINDINGS AND RECOMMENDATION – 9

Rinehart's opinions as to Plaintiff's functional capacity are not dispositive, consideration of his assessment could have affected the ALJ's evaluation of Plaintiff's credibility, the credibility of lay witnesses and Plaintiff's RFC. Thus there is a "reasonable possibility" that an ALJ presented with Dr. Rinehart's assessment would have reached different conclusions regarding both the underlying issues Plaintiff now challenges and the overall determination regarding disability.

After a thorough review of the record and the parties' arguments, I also conclude that the "good cause" requirement has also been met here. In his Reply brief, Plaintiff asserts that his previous attorney submitted much of Plaintiff's medical evidence to the Agency but then retired in January 2012 without forwarding Plaintiff's files to Plaintiff. Plaintiff asserts that his current attorney then obtained and resubmitted remaining medical evidence to the Agency in August 2012. According to Plaintiff, his attorney did not discover that the RFCA completed by Dr. Rinehart was missing until 2014, during her review of the file in preparation for Plaintiff's district court appeal. Plaintiff contends that his attorney then contacted Dr. Rinehart's clinic and received the 2011 RFCA. Plaintiff argues that good cause exists because "no one possesses information regarding what happened to the missing evidence." Pl. Reply at 3.

It is unknown whether the omission of Dr. Rinehart's RFCA was accidentally caused by Agency, attorney, or medical provider error. Dr. Rinehart's medical records indicate that on August 30, 2011, Plaintiff requested and Dr. Rinehart performed a "complex evaluation" for Social Security benefits purposes and that the "7 page form was filled out and will be returned to [Plaintiff's] attorney." Tr. 374. There are no further references to the RFCA in the record, including in the hearing transcript, the ALJ's decision or the Appeals Council's denial.

I have found no authority within this circuit that provides any guidance regarding the relatively unusual circumstances presented here. Although there is a handful of district court and

FINDINGS AND RECOMMENDATION – 10

unreported appeals court opinions from other circuits that address attorney or clerical errors in the context of determining good cause, the decisions I have reviewed involve fact patterns distinguishable from those here.[2] While it was the responsibility of Plaintiff's attorneys to provide diligent and competent representation, under the circumstances presented here I am satisfied that, in the interests of fairness, Plaintiff should not be faulted for an unexplained and perhaps, unexplainable omission.

Furthermore, this is not a situation where, after receiving a denial of his claim, Plaintiff sought more favorable evidence in an attempt to obtain a remand. Dr. Rinehart's opinion was documented prior to the ALJ's decision and, for unknown reasons, failed to appear in the record before the ALJ and the Appeals Council. Although the newly submitted evidence could have been provided at earlier stages of the administrative process, the Plaintiff does not seek to introduce new tests and evaluations by new medical providers but to provide the contemporary evaluation of a treating physician who had already submitted evidence as part of the disability determination process. It is not the role of this court to interpret this new evidence. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)(ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence). Accordingly, I conclude that Plaintiff should receive the benefit of administrative review of the newly submitted evidence and that this action should be remanded for further proceedings pursuant to sentence six of 42 U.S.C. 405(g).

---

[2] See, e.g., Taylor v. Comm'r. of Soc. Sec., 43 Fed. Appx. 941, 943 (6th Cir.2002) (unpublished) (noting the absence of statutory or decisional authority for alleged attorney error to constitute "good cause"); O'Bert v. Comm'r. of Soc. Sec., 2009 WL 3010846, *8 (S.D.Ohio Sept.21, 2009) (unpublished) ("An allegation of attorney error has not been found to constitute good cause for purposes of a Sentence Six remand."); Jackson v. Comm'r. of Soc. Sec., 2009 WL 612343, *3 (E.D.Mich. Mar.6, 2009) (unpublished) ("Mistakes by an attorney are not considered to be 'good cause' for purposes of a remand under Sentence Six."); Shaver v. Colvin, 2014 WL 3854143, at *4 (W.D.N.C. Aug. 6, 2014)(same).

## Conclusion

For the reasons set out above, this case should be remanded to the Commissioner for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). This Court should retain jurisdiction and refrain from entering a final judgment until the Commissioner returns with a new decision.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 26, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of February, 2016.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge